No. 3202.—E. S. DANCY, Wife, etc., *v.* MARTIN, COBB & Co.

A confession of judgment by the wife on obligations which she has given jointly or *in solido* with her husband, in liquidation and settlement of the debts of the husband, is not binding on the wife. On the trial of a suit by the wife to annul a judgment which has been confessed by her, *in solido* with her husband, if the evidence shows that the parties were not separated in property, and that the husband was administering the estate of the wife as well as that of the community, and that the debts for which the wife confessed judgment *in solido* with her husband did not enure to her benefit or to the benefit of her separate estate, such judgment will be declared null and of no effect as against the wife.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough, J. E. D. & T. P. Farrar*, for plaintiffs and appellees. *Sparrow & Montgomery*, for defendants and appellants.

HOWELL, J. These are proceedings by a married woman to enjoin

and annul two judgments rendered on twenty-eighth October, 1861, upon confessions in the cases of Martin, Cobb & Co. *v.* D. M. Dancy et als., and Cobb, Manlove & Co. *v.* De Moss et als., and the main question involved is whether or not the plaintiff was liable for the debts which were the basis of said judgments.

It seems that in the latter part of 1845, William C. De Moss died in Madison parish, leaving five children and a large plantation, over one hundred slaves and other property in said parish, inventoried at over $82,000, and considerable property in Mississippi; that in March, 1846, David M. Dancy, a son-in-law of the deceased and husband of the plaintiff, was appointed curator of the succession; that in September, 1849, said Dancy was appointed tutor of three of the De Moss children, then minors; that the said plantation, called the "Crescent Planta-tion," was very productive and well managed, the crops from 1845 to 1862, except two years of overflow, averaging from 600 to 800 bales, the revenues largely exceeding the plantation expenses, which are estimated by witnesses at from $5000 to $10,000 per annum; that in March, 1858, three of the parties interested in said property, to wit: D. M. Dancy, his wife E. S. Dancy, authorized by her husband, and Vannerson De Moss, who was one of the three minors above referred to, acknowledged themselves indebted to Martin, Cobb & Co., mer-chants in New Orleans, in the sum of $33,490 26, evidenced as described in act of mortgage, by three notes of $8331 87 each, dated on twenty-eighth February, first March and second March, 1858, pay-able one day after date to the order of, and indorsed by themselves, and by a draft drawn by said D. M. Dancy for $7213 64 on and accepted by G. M. Pinckard & Co., and protested on *twentieth* December, 1857, and to secure the payment of the same and all advances in cash and supplies to be made to said Dancy and De Moss, the said three parties mortgaged "an undivided three-fifths interest in and to" the said Crescent plantation, on which the parties resided, and some eighty-two slaves thereon; that in April following the same parties acknowledged an indebtedness to G. M. Pinckard & Co., merchants in New Orleans, of $46,475, evidenced by fourteen notes for different amounts, dated sixteenth March, 1858, payable to the order of D. M. Dancy, some at eleven, some at twelve and some at thirteen months from date, and to secure their payment executed a mortgage upon "an undivided three-fifths interest in and to" the same property; that on twenty-eighth October, 1861, Martin, Cobb & Co. filed a suit against the said parties, D. M. Dancy, his wife and Vannerson De Moss, on the three notes and draft described in the first act of mortgage, and two other claims, one described as a note for $5507 11 for plantation advances, and the other as a balance of an account current rendered twenty-second March, 1859, by G. M. Pinckard & Co., and by them transferred to the

plaintiffs, who asked for recognition of mortgage as made in both the above mentioned acts of mortgage, and upon producing the confession of the said defendants (the wife being authorized by the husband) on the four notes and the account, amounting to $34,626 60 (omitting the draft for $7213 64), and filing *eight* notes different from those described in the petition, *five* only of which being signed by Mrs, Dancy, they obtained judgment *in solido* against the three defendants on all the claims described in their petition, and amounting to $41,840 25; that on the same day Cobb, Manlove & Co., merchants in Vicksburg, Miss., sued D. M. Dancy, his wife, Vannerson De Moss, Alice De Moss, wife of J. L. Lum, and David De Moss (the three last being those to whom D. M. Dancy was appointed tutor in 1849) for $7219 66, amount of account current rendered them, it is alleged, as the owners of the Crescent plantation for plantation and family supplies to sixth April, 1861, and upon producing the confession of the said defendants (the wife being here also authorized by the husband) and filing an account made out in the name of "Dancy & De Moss" for said amount, consisting of charges for commissions for indorsing and advancing payment of and interest on two notes, they obtained a judgment *in solido* against the defendants for the amount thereof.

It is the execution of these two judgments, now owned by T. J. Martin, which Mrs. Dancy enjoins, in January, 1870, and their nullity she seeks as to herself, and her interest in the property held in common with her coproprietors and codefendants, on the grounds that they were rendered on obligations contracted by her husband, for which she was in no manner bound in law, and which did not inure to her benefit or that of her separate property; that the confessions of judgment are mere contracts, which she signed in error and in ignorance of her rights and under marital influence, and that the said confessions and the acts of mortgage are contracts prohibited and null as regards herself.

It is very clear that a wife can not bind herself nor be held bound for a debt of her husband, and the inquiry arises in this case, were these debts the debts of the husband or of the wife? There was at the time no separation of property between Dancy and his wife, and it is not shown that she had the separate administration of her paraphernal property. On the contrary, her husband was administering and managing it himself, and all the fruits and revenues thereof belonged to the community, and all the debts contracted by him were community debts, as between him and his wife, for which she was not liable, nor was her separate property liable for them. The plantation and slaves, inherited from their parents, belonged to Mrs. Dancy and her coheirs, but the administration of her portion was under the control of her husband, and in conducting the plantation with the other

Dancy, Wife, etc., v. Martin, Cobb & Co.

heirs, the husband or the community, and not the wife, was their partner in the planting partnership, so far as the questions raised in this record are concerned.

We conclude, with the district judge, that Mrs. Dancy is not liable under the judgments enjoined. We think, also, he did not err in restricting the injunction to one-fifth. The evidence is not satisfactory that Mrs. Dancy is the owner of her sister's (Mrs. Waddill) interest. Admit that the description of the land is correct, Mrs. Dancy was not authorized by her husband or the judge to make the purchase. And, besides, having just been relieved in this proceeding from liability because she was not administering her separate property, it would be inconsistent to declare this purchase to be her separate property, and not that of the community. Whatever is purchased during the existence of the community, whether in the name of the wife or husband, is presumed to belong to the community.

Judgment affirmed.